IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| VICTOR EUGENE CALLAHAN,<br><br>        Petitioner<br><br>  VS.<br><br>HUGH SMITH, Warden,<br><br>        Respondent | NO. 3:05-CV-88 (CDL)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

  Petitioner VICTOR EUGENE CALLAHAN has filed a Petition herein seeking federal habeas corpus relief. Tab #2. Respondent HUGH SMITH, Warden of Georgia State Prison, has filed a MOTION TO DISMISS this petition contending that it is untimely filed under 28 U.S.C. §2244(d). Tab #7. The respondent's motion is supported by an attached Brief. After being advised of his right to do so (Tab #8), petitioner CALLAHAN filed a Response to the respondent's Motion Tab #11.

  Under the provisions of the AEDPA, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

  *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

  *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

  *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

  *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

The undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive and agrees that petitioner's convictions and sentences were affirmed on June 25, 2001. According to Rule 38 of the Georgia Supreme Court, the last day on which the petitioner could have filed an application for certiorari with that court was ten days after that date. Therefore the petitioner's convictions and sentences were final after July 5, 2001. Accordingly, pursuant to 28 U.S.C. §2244(d)(1)(A), the one year limitation for application for federal habeas corpus began one year after that date which was much earlier than the petitioner's filing of his state habeas corpus application on February 13, 2003. The tolling provision of §2244(d)(2) does not apply because the state action was filed more than a year after final judgment was entered. Accordingly, IT IS RECOMMENDED that the petitioner's Petition for federal habeas corpus relief be **DENIED** as untimely.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 28th day of APRIL, 2006.



                                                CLAUDE W. HICKS, JR.
                                                UNITED STATES MAGISTRATE JUDGE